ALABAMA COOPERAGE CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 13605.   Promulgated February 21, 1930.

*W. S. Pritchard, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

TRAMMELL: In this proceeding the petitioner seeks the redetermination of its income and profits-tax liability for the calendar year 1920, the respondent having determined a deficiency in tax for said year in the amount of $4,681.92. In the petition it is alleged (1) that the respondent " committed error in failing to give Taxpayer consideration under the provisions of Sections 327 and 328 of the Revenue Act of 1918," and (2) that the respondent erred in disallowing a deduction on account of officers' salaries in the amount of $8,400.

We assume that the petitioner has abandoned the issue of special assessment, since no evidence relating specifically to such issue was offered at the hearing, and no reference to the matter appears in the petitioner's brief. However, if this assumption should be erroneous, the petitioner's contention is denied for the reason that the evidence adduced does not, in our opinion, bring it within the special assessment provisions of the statute above referred to.

The petitioner is an Alabama corporation, with its principal place of business at Calera and during the taxable year was engaged in the manufacture of staves and heading. It operated two mills, one at Calera and one at Pelham, Ala. In the early part of 1920, the directors of the corporation met and authorized payment of salaries to the officers for said year as follows: president, $12,000; vice president, $3,000; secretary, $1,800. The salaries authorized were paid during the year to the several officers, and a deduction from income on that account in the total amount of $16,800 was claimed in the corporation's return. The respondent disallowed $8,400 of the deduction so claimed.

W. G. Nichols was president and general manager of the petitioner corporation; his wife, Lena C. Nichols, was vice president, and his father, L. W. Nichols, was secretary. The three persons named were also the sole directors and stockholders of the corporation.

W. G. Nichols served as both president and general manager of the corporation throughout the taxable year. He devoted his entire time and attention to the affairs of the corporation. He looked after the mill operations, sales, and purchase of timber. In addition to his other duties, he also supervised the general mechanical upkeep of the mills. He put in long hours, working on an average of approximately 12 hours a day.

Lena C. Nichols, who served as vice president of the corporation, acted largely as an assistant and adviser to the president. She devoted only such portion of her time to the affairs of the corporation as was required. She booked orders, assisted in purchasing timber, passed on credits, advised in the general management of the business, and looked after the details in miscellaneous matters.

The petitioner offered the testimony of two disinterested witnesses who had had long experience as directors of corporations engaged in the operation of mills similar to those operated by the petitioner and who had in such capacity assisted in fixing the salaries paid to executive officers for like services. These witnesses testified that the salaries paid to the petitioner's officers in the taxable year constituted, in their opinion, reasonable compensation for the services rendered.

We can find no fact in the record before us to support the conclusion that any portion of the petitioner's profits was distributed in the guise of salaries to evade the payment of taxes. The amounts paid were reported as income by the respective officers in their individual returns.

Upon consideration of all the evidence, it is our opinion that the salaries paid to the petitioner's officers were reasonable for the services actually rendered, and that the respondent erred in disallowing the deduction claimed. The deficiency will be redetermined accordingly.

*Judgment will be entered under Rule 50.*